UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| JOSÉ ORDONEZ, | ) | CASE NO. 4:07 CV1496 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |


On May 22, 2007, pro se plaintiff José Ordonez filed the above-captioned action

against the United States of America, United States of Attorney General Alberto Gonzalez, the Drug

Enforcement Agency (DEA), United States Attorney Joseph K. Ruddy and the United States Coast

Guard pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §2671. Mr. Ordonez, who is

incarcerated at the Federal Correctional Institution at Elkton in Lisbon, Ohio, seeks an order from

this court "vacating" the denial of his FTCA claim and an award of $25,000.00 in compensatory

damages as well as $15,000,000.00 in punitive damages for deliberate indifference in violation of

"his Fifth and sixth Amendment Constitutional Rights, intentional post traumatic disorder, emotional

distress, symptoms[,] anxiety depression he has been suffering from which causes [sic] by both

parties." (Pet. at 5.) For the reasons set forth below, the court will deny the complaint.

*Background*

Mr. Ordonez states that on or about April 17, 2003 he was in a fishing boat approximately 65 miles from the coast of Colombia, "and about 35 minutes from land." (Pet. at 3.) He claims that while he and a companion were sailing to Colombia the U.S. Coast Guard "kidnaped" them in Colombian waters from where they were "wrongfully taken away to International Water."

On April 23, 2003, Mr. Ordonez and seven co-defendants were indicted in the United States District Court for the Middle District of Florida and charged with conspiracy to possess a controlled substance with intent to distribute while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. § 1903. See United States v. Hinestrosa, et al., No. 8:03-cr-164-T-23MAP (M.D. Fl. filed Apr.23, 2003). The district court sentenced petitioner to 151 months imprisonment on February 1, 2004.

Mr. Ordonez filed a Standard Form 95, Claim for Damage, Injury or Death under the FTCA against the United States and the DEA on April 23, 2006. He alleged that the defendants violated International Treaties between the United States and Colombia that were signed into law in 1998. Moreover, he claimed that his rights under the Fifth and Sixth Amendments were violated when the Coast Guard "kidnaped" him in Colombian waters without notifying Colombian authorities. In a letter attached to the complaint and dated April 20, 2007, the Associate Chief Counsel for the DEA advised Mr. Ordonez that his tort claims was received on July 18, 2006 and denied as of the date of the letter. No explanation for the basis for its decision was provided by the DEA.

2

*Analysis*

In his action before this court, Mr. Ordonez asserts that the defendants have violated the terms of the Agreement Between the Government of Republic of Colombia and the Government of the United States of America to Suppress Illicit Traffic by Sea. Specifically, he claims that when "law enforcement officials of one party find a vessel meeting the conditions under paragraph 6 claim in registration in the other party, competent authority of the former party must [be] notified and verified the vessel's registry, before board and search the vessel." (Pet. at 4.) Here, he argues that the defendants Coast Guard and DEA failed to contact the Colombian authorities before boarding and searching their vessel.

*Jurisdiction*

Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Over the years the Supreme Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are "so attenuated and unsubstantial as to be absolutely devoid of merit," Newburyport Water Co. v. Newburyport, 193 U.S. 561, 579 (1904);Bailey v. Patterson, 369 U.S. 31, 33 (1962)("wholly insubstantial"); Hannis Distilling Co. v. Baltimore, 216 U.S. 285, 288 (1910)("obviously frivolous");Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 105 (1933) ("plainly unsubstantial"); or "no longer open to discussion." McGilvra v. Ross, 215 U.S. 70, 80 (1909); see also 28 U.S.C. § 1915(e)(district court required to dismiss an action if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact).

3

Under the FTCA the law to be applied is the law of the place in which the negligent act or omission occurred. <u>Richards v. United States</u>, 369 U.S. 1 (1962).  Here, the plaintiff asserts that the damage he suffered was the result of tortious acts that occurred in Colombian waters.  The initial premise, or causal foundation, of the wrong which Mr. Ordonez alleges, is the kidnaping which occurred while aboard his vessel in Colombia.  Assuming his allegations to be true, the entire claim must fall within the FTCA exemption of 28 U.S.C. s 2680(k).  The FTCA provides in pertinent part: "The provisions of this chapter and section 1346(b) of this title shall not apply to . . . [a]ny claim arising in a foreign country." 28 U.S.C. § 2680(k); <u>see</u> <u>Throckmorton v. Director of U.S. Peace Corps</u>, 787 F.2d 593 (6th Cir. 1986) (claim properly dismissed, although the government did not raise the issue, FTCA did not apply since the alleged negligence occurred in Mali, West Africa). Consequently, since the alleged tort occurred in Colombia, South America, Mr. Ordonez cannot recover for his injuries under the FTCA.

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/Peter C. Economus - 8/24/07
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE